RLC:SLT
F.# 2008R01013/OCDETF # NY-NYE-578

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

KENNETH CREE,
    also known as "Kenny,"
DAVID SUNDAY,
    also known as "Snook" and
    "Snookty,"
SEAN BARILKO,
WALTER BAUS,


LOIS JOY BOOTS,
    also known as "Tootsie,"
GROVER BRINK,
    also known as "Go-Go,"
DRITON CAMAJ,
    also known as "Tony,"
MARTIN CAMAJ,
NICK CAMAJ,
KATIE COOK,
DAVID CRUZ,
SCOTT GENERAL,
GEORGE IORDAN,
KIM KI JOO,
ANDREW KAGAN,
    also known as "Andv."


MERSIM KOLENOVIC,
    also known as "Merv,"
TARA LAZORE,

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 08-916 (S-5)(SLT)
(T. 21, U.S.C., §§
841(b)(1)(A)(vii),
846, 848(a),
848(c), 853, 960(a)(1),
960(b)(1)(G) and 963;
T. 18, U.S.C., §§ 2, 982,
1956(h) and 3551 et seq.)

JOHN MARINOS,


DERRICK MAULTSBY,
      also known as "Bubba,"
ROBIN OAKES,
      also known as "Robin Mason,"
WENTENHAWI OAKES,
      also known as "Hawi,"
SLOBODAN PAVICEVIC,
      also known as "Bobby,"
HARUN PEJCINOVIC,
      also known as "Duki" and
      "Duke,"
CARMELO RUIZ,
      also known as "Mel,"

GENTIAN SHKURTI,

NICHOLAS SUNDAY,
OREN SUNDAY


                        Defendants.
- - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

2

COUNT TWO
(Continuing Criminal Enterprise)

24.   In or about and between January 2000 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE, also known as "Kenny,"          and DAVID SUNDAY, also known as "Snook" and "Snookty," did knowingly and intentionally engage in a continuing criminal enterprise, in that they committed violations of Title 21, United States Code, Sections 841, 846, 952(a), 960 and 963, including Violations One through Twenty-Two set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendants KENNETH CREE,          and DAVID SUNDAY, in concert with five or more other persons, with respect to whom the defendants KENNETH CREE,          and DAVID SUNDAY occupied positions of organizer, supervisor and manager, and from which continuing series of violations the defendants KENNETH CREE,          and DAVID SUNDAY obtained substantial income and resources.   The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), includes the following violations set forth below:

13

### Violation One
(Conspiracy to Import Marijuana)

25.   In or about and between January 2000 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE,            and DAVID SUNDAY, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(1)(G) and 963.

### Violation Two
(Conspiracy to Distribute Marijuana)

26.   In or about and between January 2000 and January 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE,            and DAVID SUNDAY, together with others, did knowingly and intentionally conspire to distribute a controlled substance, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vii) and 846.

### Violation Three
(Importation of Marijuana)

27.   In or about November 2005, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE, and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 50 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(3), and Title 18, United States Code, Section 2.

### Violation Four
(Marijuana Distribution)

28.   In or about November 2005, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE, and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

### Violation Five
(Importation of Marijuana)

29.   In or about December 2005, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE,

15

and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

### Violation Six
(Marijuana Distribution)

30.   In or about December 2005, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE, and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Seven
(Importation of Marijuana)

31.   In or about October 2007, within the Northern District of New York, the Western District of New York and elsewhere, the defendants KENNETH CREE, and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place

outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

Violation Eight
(Marijuana Distribution)

32.   In or about October 2007, within the Northern District of New York, the Western District of New York and elsewhere, the defendants KENNETH CREE,          and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

Violation Nine
(Importation of Marijuana)

33.   In or about February 2008, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE,          and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections

17

952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

## Violation Ten
### (Marijuana Distribution)

34.   In or about February 2008, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE, and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## Violation Eleven
### (Importation of Marijuana)

35.   In or about March 2008, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE, and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

### Violation Twelve
(Marijuana Distribution)

36.    In or about March 2008, within the Eastern

District of New York and elsewhere, the defendants KENNETH CREE,

and DAVID SUNDAY, together with others, did knowingly

and intentionally distribute and possess with intent to

distribute a controlled substance, which offense involved a

substance containing marijuana, a Schedule I controlled

substance, in violation of Title 21, United States Code, Sections

841(a)(1) and 841(b)(1)(D), and Title 18, United States Code,

Section 2.

### Violation Thirteen
(Importation of Marijuana)

37.    In or about May 2008, within the Eastern District

of New York and elsewhere, the defendants KENNETH CREE,

and DAVID SUNDAY, together with others, did knowingly and

intentionally import a controlled substance into the United

States from a place outside thereof, which offense involved 50

kilograms or more of a substance containing marijuana, a Schedule

I controlled substance, in violation of Title 21, United States

Code, Sections 952(a), 960(a)(1) and 960(b)(3), and Title 18,

United States Code, Section 2.

### Violation Fourteen
(Marijuana Distribution)

38.    In or about May 2008, within the Eastern District

of New York and elsewhere, the defendants KENNETH CREE,

19

and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Violation Fifteen
(Importation of Marijuana)

39.   In or about July 2008, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE,

and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

Violation Sixteen
(Marijuana Distribution)

40.   In or about July 2008, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE,

and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance

20

containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Seventeen
(Importation of Marijuana)

41.  In or about November 2008, within the Eastern District of New York, the Northern District of New York, the Western District of New York and elsewhere, the defendants KENNETH CREE,           and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

### Violation Eighteen
(Marijuana Distribution)

42.  In or about November 2008, within the Eastern District of New York, the Northern District of New York, the Western District of New York and elsewhere, the defendants KENNETH CREE,           and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States

21

Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

Violation Nineteen
(Importation of Marijuana)

43.   In or about January 2009, within the Eastern District of New York, the Northern District of New York, the Western District of New York and elsewhere, the defendants KENNETH CREE,              and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

Violation Twenty
(Marijuana Distribution)

44.   In or about January 2009, within the Eastern District of New York, the Northern District of New York, the Western District of New York and elsewhere, the defendants KENNETH CREE,              and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States

22

Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

### Violation Twenty-One
(Importation of Marijuana)

45.   In or about February 2009, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE, and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

### Violation Twenty-Two
(Marijuana Distribution)

46.   In or about February 2009, within the Eastern District of New York and elsewhere, the defendants KENNETH CREE, and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections

23

41(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a) and 848(c); Title 18, United States Code, Sections 3551 et seq.)

<u>COUNT THREE</u>
(Conspiracy to Import Marijuana)

47.    In or about and between January 2000 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

KENNETH CREE, also known as "Kenny," DAVID SUNDAY, also known as "Snook" and "Snookty," SEAN BARILKO, WALTER BAUS,

LOIS JOY BOOTS, also known as "Tootsie," GROVER BRINK, also known as "Go-Go," DRITON CAMAJ, also known as "Tony," MARTIN CAMAJ, NICK CAMAJ, KATIE COOK, DAVID CRUZ, SCOTT GENERAL, GEORGE IORDAN, KIM KI JOO, ANDREW KAGAN, also known as "Andy,"

MERSIM KOLENOVIC, also known as "Merv," TARA LAZORE,                              JOHN MARINOS,

DERRICK MAULTSBY, also known as "Bubba," ROBIN OAKES, also known as "Robin Mason," WENTENHAWI OAKES, also known as "Hawi," SLOBODAN PAVICEVIC, also known as "Bobby," HARUN PEJCINOVIC, also known as "Duki" and "Duke," CARMELO RUIZ,                    GENTIAN SHKURTI,

NICHOLAS SUNDAY, OREN SUNDAY

24

together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 3551 <u>et seq</u>.)

<u>COUNT FOUR</u>
(Conspiracy to Distribute Marijuana)

48. In or about and between January 2000 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants

KENNETH CREE, also known as "Kenny," DAVID SUNDAY, also known as "Snook" and "Snookty," SEAN BARILKO, WALTER BAUS,

LOIS JOY BOOTS, also known as "Tootsie," GROVER BRINK, also known as "Go-Go," DRITON CAMAJ, also known as "Tony," MARTIN CAMAJ, NICK CAMAJ, KATIE COOK, DAVID CRUZ, SCOTT GENERAL, GEORGE IORDAN, KIM KI JOO, ANDREW KAGAN, also known as "Andy,"

MERSIM KOLENOVIC, also known as "Merv," TARA LAZORE,                                      JOHN MARINOS,

DERRICK MAULTSBY,

25

also known as "Bubba," ROBIN OAKES, also known as "Robin Mason,"
WENTENHAWI OAKES, also known as "Hawi," SLOBODAN PAVICEVIC, also
known as "Bobby," HARUN PEJCINOVIC, also known as "Duki" and
"Duke," CARMELO RUIZ,                    GENTIAN SHKURTI,

     NICHOLAS SUNDAY, OREN SUNDAY

              together with others, did knowingly and
intentionally conspire to distribute a controlled substance,
which offense involved 1,000 kilograms or more of a substance
containing marijuana, a Schedule I controlled substance, in
violation of Title 21, United States Code, Section 841(a)(1).

            (Title 21, United States Code, Sections 846 and
841(b)(1)(A)(vii); Title 18, United States Code, Sections 3551 <u>et</u>
<u>seq</u>.)

<u>COUNT FIVE</u>
(Money Laundering Conspiracy)

       49.   In or about and between January 2000 and February
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants

KENNETH CREE, also known as "Kenny," DAVID SUNDAY, also known as
"Snook" and "Snookty," SEAN BARILKO, WALTER BAUS,

                               LOIS

JOY BOOTS, also known as "Tootsie," GROVER BRINK, also known as
"Go-Go," DRITON CAMAJ, also known as "Tony," MARTIN CAMAJ, NICK
CAMAJ, KATIE COOK, DAVID CRUZ, SCOTT GENERAL, GEORGE IORDAN, KIM

26

KI JOO, ANDREW KAGAN, also known as "Andy,"

MERSIM KOLENOVIC, also known as "Merv,"

TARA LAZORE,                                        JOHN MARINOS,

DERRICK MAULTSBY,

also known as "Bubba," ROBIN OAKES, also known as "Robin Mason,"
WENTENHAWI OAKES, also known as "Hawi," SLOBODAN PAVICEVIC, also
known as "Bobby," HARUN PEJCINOVIC, also known as "Duki" and
"Duke," CARMELO RUIZ,                    GENTIAN SHKURTI,

NICHOLAS SUNDAY, OREN SUNDAY                            also
known as "Tigger," together with others, did knowingly and
intentionally conspire to transport, transmit and transfer
monetary instruments and funds from a place in the United States
to and through a place outside the United States, to wit: Canada,
(a) with the intent to promote the carrying on of specified
unlawful activity, to wit: narcotics trafficking, in violation of
Title 18, United States Code, Section 1956(a)(2)(A), and (b)
knowing that the monetary instruments and funds involved in the
transportation, transmission and transfer represented the
proceeds of some form of unlawful activity and that such
transportation, transmission and transfer were designed in whole
and in part to conceal and disguise the nature, the location, the
source, the ownership and the control of the proceeds of the
specified unlawful activity, and to avoid one or more transaction

27

reporting requirements under Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATIONS FOR COUNTS ONE AND TWO
(Continuing Criminal Enterprise)

50. The United States hereby gives notice to the defendants charged in Counts One and Two that, upon conviction of one or more of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses, to forfeit (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations; and (c) any interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including, but not limited to, the following:

### Money Judgment

(a)  a sum of money equal to at least approximately $300,000,000.00, the total amount of gross proceeds the defendants obtained as a result of the offense, for which the defendants are jointly and severally liable.

28

<u>Specific Property</u>

(b)  all right, title and interest in the real property located at 80-04 Penelope Avenue, Middle Village, New York;

(c)  all right, title and interest in the real property located at 516 State Route 37, Hogansburg, New York;

(d)  all right, title and interest in the real property located at 72 Fisherman's Lane, Snye, Quebec Province, Canada;

(e)  all right, title and interest in the real property located at 59 Snye Road, Hogansburg, New York;

(f)  all right, title and interest in the real property located at 55 Paul Cree Memorial Road, Akwesasne, Quebec Province, Canada;

(g)  all right, title and interest in the real property located at 100 Springfield Street, Rochester, New York;

(h)  all right, title and interest in the real property located at 916 River Road, Snye, Quebec Province, Canada;

(i)  all right, title and interest in a 2003 Chevrolet Silverado with New York Registration Number ELG6653 and Vehicle Identification Number 1GCHK24U73E159613;

(j)  all right, title and interest in a 2003 Chevrolet Silverado with New York Registration Number ECA4061;

29

(k)   all right, title and interest in a 2003 Chevrolet Silverado with New York Registration Number EHP4008 and Vehicle Identification Number 1GCEK14T73E287287;

(l)   all right, title and interest in a 2004 Mercedes Benz Sedan with New York Registration Number EAH7071 and Vehicle Identification Number WDBNG83J04A403799;

(m)   all right, title and interest in a 2004 Chevrolet Tahoe with New Jersey Registration Number PKZ22H;

(n)   all right, title and interest in a 2004 Pontiac with New York Registration Number EHP3739 and Vehicle Identification Number 1G2HX52K64U183241;

(o)   all right, title and interest in a 2008 GMC Yukon with New York Registration Number ECP1513 and Vehicle Identification Number 1GKFK13008J153302;

(p)   all right, title and interest in a 2002 Ford Explorer with New York Registration Number EER4752 and Vehicle Identification Number 1FMDU74W62UB04156;

(q)   all right, title and interest in a 2007 Cadillac Escalade seized from DAVID SUNDAY on February 4, 2009;

(r)   all right, title and interest in the real property located at 4190 Mountain Reed Blvd., Rochester, New York;

30

(s)   all right, title and interest in a 1998 Lincoln Navigator recovered from 4190 Mountain Reed Blvd., Rochester, New York on March 5, 2009; and

(t)   all right, title and interest in one Glock 19 pistol, one SKS Rifle, one Roch River AR-15 Rifle, one Bryco 9MM handgun, and four boxes of ammunition recovered from 633 Slocum Avenue, Ridgefield, New Jersey on February 4, 2009.

51.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853)

31

CRIMINAL FORFEITURE ALLEGATIONS FOR COUNTS THREE AND FOUR
(Marijuana Importation and Distribution Conspiracy)

52.   The United States hereby gives notice to the defendants charged in Counts Three and Four that, upon conviction of one or more of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of one or more of such offenses, to forfeit (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including, but not limited to, the following:

Money Judgment

(a)   a sum of money equal to at least approximately $300,000,000.00, the total amount of gross proceeds the defendants obtained as a result of the offenses, for which the defendants are jointly and severally liable.

Specific Property

(b)   all right, title and interest in the real property located at 80-04 Penelope Avenue, Middle Village, New York;

(c)   all right, title and interest in the real property located at 516 State Route 37, Hogansburg, New York;

32

    (d) all right, title and interest in the real property located at 72 Fisherman's Lane, Snye, Quebec Province, Canada;

    (e) all right, title and interest in the real property located at 59 Snye Road, Hogansburg, New York;

    (f) all right, title and interest in the real property located at 55 Paul Cree Memorial Road, Akwesasne, Quebec Province, Canada;

    (g) all right, title and interest in the real property located at 100 Springfield Street, Rochester, New York;

    (h) all right, title and interest in the real property located at 916 River Road, Snye, Quebec Province, Canada;

    (i) all right, title and interest in a 2003 Chevrolet Silverado with New York Registration Number ELG6653 and Vehicle Identification Number 1GCHK24U73E159613;

    (j) all right, title and interest in a 2003 Chevrolet Silverado with New York Registration Number ECA4061;

    (k) all right, title and interest in a 2003 Chevrolet Silverado with New York Registration Number EHP4008 and Vehicle Identification Number 1GCEK14T73E287287;

    (l) all right, title and interest in a 2004 Mercedes Benz Sedan with New York Registration Number EAH7071 and Vehicle Identification Number WDBNG83J04A403799;

(m)   all right, title and interest in a 2004 Chevrolet Tahoe with New Jersey Registration Number PKZ22H;

(n)   all right, title and interest in a 2004 Pontiac with New York Registration Number EHP3739 and Vehicle Identification Number 1G2HX52K64U183241;

(o)   all right, title and interest in a 2008 GMC Yukon with New York Registration Number ECP1513 and Vehicle Identification Number 1GKFK13008J153302;

(p)   all right, title and interest in a 2002 Ford Explorer with New York Registration Number EER4752 and Vehicle Identification Number 1FMDU74W62UB04156;

(q)   all right, title and interest in a 2007 Cadillac Escalade seized from DAVID SUNDAY on February 4, 2009;

(r)   all right, title and interest in the real property located at 4190 Mountain Reed Blvd., Rochester, New York;

(s)   all right, title and interest in a 1998 Lincoln Navigator recovered from 4190 Mountain Reed Blvd., Rochester, New York on March 5, 2009; and

(t)   all right, title and interest in one Glock 19 pistol, one SKS Rifle, one Roch River AR-15 Rifle, one Bryco 9MM handgun, and four boxes of ammunition recovered from 633 Slocum Avenue, Ridgefield, New Jersey on February 4, 2009.

34

53.   If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due
diligence;

(b)   has been transferred or sold to, or deposited
with, a third party;

(c)   has been placed beyond the jurisdiction of
the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which
cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p) to seek forfeiture of any
other property of the defendants up to the value of the above-
described forfeitable property.

(Title 21, United States Code, Section 853)

CRIMINAL FORFEITURE ALLEGATIONS FOR COUNT FIVE
(Money Laundering Conspiracy)

54.   The United States hereby gives notice to the
defendants charged in Count Five that, upon conviction of such
offense, the government will seek forfeiture in accordance with
Title 18, United States Code, Section 982, of all property
involved in such offense of conviction in violation of Title 18,
United States Code, Section 1956, or conspiracy to commit such

35

offense, and all property traceable to such property, including but not limited to, the following:

### Money Judgment

(a)   a sum of money equal to at least approximately $300,000,000.00, the total amount of gross proceeds the defendants obtained as a result of the offenses, for which the defendants are jointly and severally liable.

### Specific Property

(b)   all right, title and interest in the real property located at 80-04 Penelope Avenue, Middle Village, New York;

(c)   all right, title and interest in the real property located at 516 State Route 37, Hogansburg, New York;

(d)   all right, title and interest in the real property located at 72 Fisherman's Lane, Snye, Quebec Province, Canada;

(e)   all right, title and interest in the real property located at 59 Snye Road, Hogansburg, New York;

(f)   all right, title and interest in the real property located at 55 Paul Cree Memorial Road, Akwesasne, Quebec Province, Canada;

(g)   all right, title and interest in the real property located at 100 Springfield Street, Rochester, New York;

(h)   all right, title and interest in the real property located at 916 River Road, Snye, Quebec Province, Canada;

(i)   all right, title and interest in a 2003 Chevrolet Silverado with New York Registration Number ELG6653 and Vehicle Identification Number 1GCHK24U73E159613;

(j)   all right, title and interest in a 2003 Chevrolet Silverado with New York Registration Number ECA4061;

(k)   all right, title and interest in a 2003 Chevrolet Silverado with New York Registration Number EHP4008 and Vehicle Identification Number 1GCEK14T73E287287;

(l)   all right, title and interest in a 2004 Mercedes Benz Sedan with New York Registration Number EAH7071 and Vehicle Identification Number WDBNG83J04A403799;

(m)   all right, title and interest in a 2004 Chevrolet Tahoe with New Jersey Registration Number PKZ22H;

(n)   all right, title and interest in a 2004 Pontiac with New York Registration Number EHP3739 and Vehicle Identification Number 1G2HX52K64U183241;

(o)   all right, title and interest in a 2008 GMC Yukon with New York Registration Number ECP1513 and Vehicle Identification Number 1GKFK13008J153302;

37

(p)  all right, title and interest in a 2002 Ford Explorer with New York Registration Number EER4752 and Vehicle Identification Number 1FMDU74W62UB04156;

(q)  all right, title and interest in a 2007 Cadillac Escalade seized from DAVID SUNDAY on February 4, 2009;

(r)  all right, title and interest in the real property located at 4190 Mountain Reed Blvd., Rochester, New York;

(s)  all right, title and interest in a 1998 Lincoln Navigator recovered from 4190 Mountain Reed Blvd., Rochester, New York on March 5, 2009; and

(t)  all right, title and interest in one Glock 19 pistol, one SKS Rifle, one Roch River AR-15 Rifle, one Bryco 9MM handgun, and four boxes of ammunition recovered from 633 Slocum Avenue, Ridgefield, New Jersey on February 4, 2009.

55.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

38

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference into Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853; Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

39